**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **In re:** | : | |
| | : | |
| **Stream TV Networks, Inc.,**[1] | : | **Chapter 11** |
| | : | |
| | : | **Case No. 23-10763-AMC** |
| **Debtor.** | : | |
| | : | |

|  |  |  |
|---|---|---|
| **In re:** | : | |
| | : | |
| **Technovative Media, Inc.,** | : | **Chapter 11** |
| | : | |
| | : | **Case No. 23-10764-AMC** |
| **Debtor.** | : | |
| | : | |

**RESPONSE OF WILLIAM A. HOMONY, IN HIS CAPACITY AS CHAPTER 11
TRUSTEE, TO REMBRANDT 3D HOLDING LTD.'S OBJECTION TO PROOFS OF
CLAIM NO. 6 FILED BY HAWK INVESTMENT HOLDINGS LTD., "AS
COLLATERAL AGENT," NO. 9 FILED BY SLS HOLDINGS VI, LLC,
AND NO. 14 FILED BY SEECUBIC, INC.**

William A. Homony (the "Trustee"), in his capacity as Chapter 11 trustee of the bankruptcy

estates of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative"

when referred to with Stream, the "Debtors"), by and through his counsel, Obermayer Rebmann

Maxwell & Hippel LLP, files this Response (the "Response") to Rembrandt 3D Holding Ltd.'s

("Rembrandt") Objection to Proofs of Claim No. 6 filed by Hawk Investment Holdings Ltd., "As

Collateral Agent" ("Hawk"), No. 9 Filed by SLS Holdings VI, LLC ("SLS"), and No. 14 Filed by

SeeCubic, Inc. ("SCI") in the Stream case (the "Stream Objection") and Rembrandt's Objection

to Proofs of Claim No. 1 Filed by Hawk, "As Collateral Agent," No. 2 Filed by SLS and No. 3

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

1

Filed by SCI in the Technovative case (the "Technovative Objection"); and in support thereof, respectfully avers as follows:

## I.      INTRODUCTION

Rembrandt has a lengthy and well-documented history of inserting itself in the Debtors' bankruptcy cases in ways that both alarmed and concerned the Bankruptcy Court (See Order [ECF No. 549] & Memorandum [ECF No. 548] (the "Trustee Opinion"), at pp. 49-50), including acting as a petitioning creditor in the short live (less than a month), bad faith, second bankruptcy case in the District of Delaware which resulted in a twelve (12) month bar from the Debtors re filing.  See Trustee Opinion at p. 6.  The Objections are Rembrandt's most recent attempt to align itself with the bad faith efforts of the Debtors' principal and his efforts to effectuate a pattern of self-dealing and mismanagement of the Debtors, which resulted in the appointment of the Trustee and the Trustee Opinion.  However, this time, Rembrandt has overstepped, as the Objections seek to usurp the powers and duties of the Trustee. Specifically, the Trustee's power and duty to analyze and object to claims. The Objections not only fly in the face of the Bankruptcy Code but also the Order appointing the Trustee itself as the Objections seek to undermine the very reason this Court appointed the Trustee. Rembrandt is objecting for its own interests, not those of legitimately injured creditors. Rembrandt's intention is ultimately to prevent the Trustee's settlement with Hawk from being consummated.

## II.      BACKGROUND

### A.      Bankruptcy Procedural Background

1.      On March 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq.  (the "Bankruptcy Code").

2

2.      On April 6, 2023, Hawk filed a motion pursuant to sections 1112/1104 of the Bankruptcy Code, seeing dismissal or conversion of the Debtors' cases, or alternatively, the appointment of a Chapter 11 trustee pursuant to section 1104(a) of the Bankruptcy Code (the "1112/1104 Motion") (D.I. #94).

3.      In the 1112/1104 Motion, Hawk argued that cause existed to appoint a trustee based upon the Debtors' pre- and post-petition history of fraud, dishonesty, incompetence, and gross mismanagement of their businesses.

4.      The Debtors filed an opposition to the 1112/1104 Motion on May 8, 2023 (D.I. #193).

5.      On January 5, 2024, the Court entered an order, which, among other things, (1) granted 1112/1104 Motion with respect to the appointment of a Chapter 11 trustee, and (2) granted the Hawk Stay Relief Motion to allow the Section 225 Action to proceed (the "Trustee Order") (D.I. #549).

6.      In addition to the Trustee Order, the Court also issued the Trustee Opinion, which, among other things, went to great lengths to explain why a trustee was being appointed over the Debtors' bankruptcy estates.

7.      The Trustee Opinion specifically stated that the Trustee has a duty "to evaluate the Debtors' operations, prospects, and ability to successfully reorganize, and to implement such reorganization if possible." Trustee Opinion at p. 74.

8.      On January 9, 2024, the Office of the United States Trustee filed a notice of appointment of William A. Homony to serve as the Chapter 11 trustee as well as an Application for the entry of an Order approving the appointment of the Trustee.  (D.I. #554 and #553, respectively).

9.      On January 12, 2024, the Bankruptcy Court entered an Order Approving the Appointment of the Trustee (D.I. #558).

3

4866-6984-2879 v2

10.     The Trustee Opinion (D.I. #548) provides a more complete factual and procedural background of the Debtors' bankruptcy cases; the Trustee hereby incorporates that background herein and expands upon it below.

### B.     Rembrandt's Claim Objections

22.     Rembrandt filed the Stream Objection on May 2, 2024, and the Technovative Objection on May 20, 2024 (collectively the "Objections").

23.     Through the Objections, Rembrandt seeks the disallowance of the following proofs of claim:

    a.  Hawk - Proofs of Claim No. 6 in the Stream case and No. 1 in the Technovative Case (the "Hawk Claims");

    b.  SLS – Proof of Claim No. 9 in the Stream case and No. 2 in the Technovative Case (the "SLS Claims"); and

    c.  SCI – Proof of Claim No. 14 and No. 3 in the Technovative Case (the "SCI Claims" and collectively with the Hawk Claims and SLS Claims, the "Claims").

24.     The Stream Objection argues that the Claims should be disallowed for five (5) main reasons: (i) the Hawk Claims are prima facie invalid, (ii) the Hawk Claims have been converted and no longer exist, (iii) the Hawk Claims are convertible if they have not yet been converted, (iv) the adversary proceeding filed by the Debtors against Hawk and other parties (Adv. No. 23-00057) provides a basis for the disallowance of the Hawk Claims, and (v) the Hawk, SLS, and SCI claims are duplicative of each other.

25.     The Technovative Objection incorporates the entirety of the Stream Objection and generally restates the arguments made therein.

26.     Hawk filed a response to the Stream Objection on May 16, 2024 (D.I. #639), and a

4

4866-6984-2879 v2

response to the Technovative Objection on May 28, 2024 (D.I. #101) (the "Hawk Responses").

27.     With the filing of the Objections, Rembrandt attempts to usurp the duties and responsibilities granted to the Trustee for its own pecuniary gain.

28.     Indeed, the duty to object to claims belongs solely to a Chapter 11 trustee once appointed.

29.     This was stressed in the Trustee Opinion, as the Court explicitly saddled the Trustee with the duty to "…evaluate, resolve, and/or litigate the claims of Hawk, SLS, SeeCubic [SCI], Rembrandt, and others." Trustee Opinion at p. 73.

30.     By objecting to the Claims, Rembrandt has overstepped – going against the Bankruptcy Code itself and the order of the Court as explained in the Trustee Order and Trustee Opinion.

31.     Through the Response, the Trustee joins with the Hawk Responses not inconsistent with the Trustee's prior positions and adds an additional response to the Objections based upon Rembrandt's attempts to circumvent the Trustee's duties, judgment, and authority.

## III.    LEGAL ARGUMENT

32.     Section 1106 imposes upon a Chapter 11 trustee specific duties, including some duties of a Chapter 7 trustee. *See*, 7 *Collier on Bankruptcy* ¶ 1106.01 (16th 2018).

33.     Specifically, Section 1106(a) incorporates the duties of Section 704(a)(5), which states a trustee shall "if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. §§ 1106(a), 704(a)(5).[2]

34.     A trustee represents all unsecured creditors, and such representation includes examining claims and objecting to claims that are deemed to be improper. *See*, 7 *Collier on*

---

[2] As such, it follows that any authority and/or guidance on Section 704(a)(5) in Chapter 7 cases, also applies to Chapter 11 cases through Section 1106(a).

4866-6984-2879 v2

*Bankruptcy* ¶ 704.08 (16th 2018); Fed. Bank. R. 3007

35.     It is a trustee's duty to object to any claim not entitled to allowance against an estate's assets. *See*, *In re Thompson*, 96 F.2d 1136 (1st Cir. 1992); *In re Oxford Royal Mushroom Prod., Inc.*, 93 B.R. 390, 399 (Bankr. E.D. Pa. 1988) (citing *James Talcott, Inc. v. Glavin*, C.C.A.3 (N.J.) 1939)).

36.     While any "party in interest" may object to claims, a trustee is the dominant party in interest when it comes to objecting to claims. *See*, *7 Collier on Bankruptcy* ¶ 502.02[2][a] (16th 2018).[3]

37.     Indeed, an Advisory Committee Comment to Bankruptcy Rule 3007 confirms that the power to object to claims rests with a trustee: "While the debtor's other creditors may make objections to the allowance of a claim, the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee." *Advisory Committee Comment to Bankruptcy Rule 3007*.

38.     Once a trustee is appointed over a case, creditors may only object to the claims of another creditor if "upon demand, the trustee refuses to do so and the court grants the creditor the right to act on behalf of the trustee." *See*, *In re Titus*, 467 B.R. 592, 633 (Bankr. W.D. Pa. 2012) (citing and quoting *In re Trusted Net Media Holdings, LLC*, 334 B.R. 470, 474–76 (Bankr.N.D.Ga.2005)); *In re Meade Land & Dev. Co., Inc.*, 1 B.R. 279, 281–82 (Bankr. E.D. Pa. 1979); *see also*, *7 Collier on Bankruptcy* ¶ 502.02[2][d] (16th 2018).

39.     This is especially true of unsecured creditors. *In re Savidge*, 57 B.R. 389, 392 (D. Del. 1986)

---

[3] While Section 1109 permits a "party in interest" to rise, appear, and be heard on any issue in a Chapter 11 case, courts have declined to read Section 1109(b) as "an open-ended license" for a party in interest to "take over the estate's litigation…" *In re Smart World Techs., LLC*, 423 F.3d 166, 182–83 (2d Cir. 2005); 11 U.S.C. § 1109(b). To read Section 1109(b) as such would be to give creditors a role far greater than Congress intended to give them. *See Id.*

4866-6984-2879 v2

40.     Were creditors freely allowed to object to the claims of other creditors, courts would be inundated with claim objections and unable to perform their duties efficiently. *In re Meade Land & Dev. Co., Inc.*, 1 B.R. at 281–82.

41.     Here, both the Bankruptcy Code and the Court have imposed upon the Trustee the specific duty of analyzing and objecting to claims. 11 U.S.C. §§ 1106(a), 704(a)(5).

42.     As stated above, the Trustee Opinion specifically tasked the Trustee with evaluating, resolving, and/or litigating the claims of Hawk, SLS, and SCI – the very claims to which Rembrandt now objects. Trustee Opinion at p. 73.

43.     It is well settled that this duty belongs to the trustee where one is appointed. *Advisory Committee Comment to Bankruptcy Rule 3007*; *In re Oxford Royal Mushroom Prod., Inc.*, 93 B.R. at 399.

44.     While Rembrandt, as a creditor, is a party in interest and may be heard on certain matters, that does not trump the fact that the Trustee is the dominant party when it comes to analyzing and objecting to claims.

45.     Once the Trustee was appointed, Rembrandt could only object to the Claims if (i) Rembrandt requested the Trustee investigate and/or object to the Claims, (ii) the Trustee refused to do so, and (iii) the Court granted Rembrandt to the right to act on behalf of the Trustee and file objections to the Claims. *In re Titus*, 467 B.R. at 633; *In re Meade Land & Dev. Co., Inc.*, 1 B.R. at 281–82.

46.     Rembrandt never requested that the Trustee investigate and/or object to the Claims.

47.     Likewise, the Court never granted Rembrandt the right to act on behalf of the Trustee and file objections.

7

4866-6984-2879 v2

48.     After months of evaluating the relative merits of the various parties in the Debtors'

bankruptcy cases, the Trustee, in an exercise of his sound business judgment, elected to resolve

the Hawk and SLS claims exactly as directed in the Trustee Opinion and has filed a Motion to

Approve that resolution under Bankruptcy Rule 9019 (the "9019 Motion").

49.     Rembrandt, upset that after numerous meetings with the Trustee, including

subsidiaries of the Debtor, the Trustee did not elect to pursue a deal with it, is now attempting to

scuttle and interfere with the Trustee's resolution with the Debtors' secured creditors.

50.     Rembrandt's Objections are a blatant attempt to usurp the Trustee's duties and in

violation of the Bankruptcy Code, the Trustee Order, the Trustee Opinion, and established case

law.

51.     The filing of the Objections is a last ditch attempt to further conflate and stall cases

that have been in stasis for years - Rembrandt choosing to file the Objections just as the Debtors'

bankruptcies are on the verge of being resolved through a settlement with Hawk and SLS which

resolves all objections, and results in a distribution to unsecured creditors.

52.     In light of all of the above, Rembrandt had no right or authority to file the

Objections, and therefore, the Objections must be overruled.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

8

4866-6984-2879 v2

## IV.   <u>CONCLUSION</u>

Therefore, the Trustee respectfully requests the Objections be overruled and such other and

further relief be granted as is just and proper.


Respectfully submitted,


Dated: June 4, 2024

By:  */s/ Michael D. Vagnoni*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA  19102
Telephone: (215) 665-3066
Facsimile: (215) 665-3165
*Counsel to Chapter 11 Trustee*

4866-6984-2879 v2